UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.   5:25-cv-02846-HDV-AJR                           Date:  December 2, 2025
                                                          Page 1 of 3

Title:   Jacob Alex Johnson v. Shannon D. Dicus, et al.

DOCKET ENTRY:   **ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO UPDATE ADDRESS OF RECORD**

PRESENT:

**HONORABLE A. JOEL RICHLIN, UNITED STATES MAGISTRATE JUDGE**

| Claudia Garcia-Marquez | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

ATTORNEYS PRESENT FOR PLAINTIFF:            ATTORNEYS PRESENT FOR DEFENDANTS:

None Present                                                        None Present

**PROCEEDINGS:  (IN CHAMBERS)**

On October 20, 2025, *pro se* Plaintiff Jacob Alex Johnson (the "Plaintiff"), then a pretrial detainee confined at the West Valley Detention Center in Rancho Cucamonga, California, filed a civil rights action under 42 U.S.C. § 1983 (the "Complaint").  (Dkt. 1.) On November 3, 2025, the Clerk's Office issued a standard Notice of Assignment notifying Plaintiff of the District Judge and Magistrate Judge who were assigned to the case.  (Dkt. 3.)

On November 17, 2025, the Notice of Assignment, which had been mailed to Plaintiff's address of record at West Valley Detention Center, 9500 Etiwanda Ave., Rancho Cucamonga, CA, 91739, was returned by the Postal Service as undeliverable. (Dkt. 4.)  The returned envelope bore the stamped notation "Return to Sender Not in Custody."  (Id.)  The Court checked the San Bernardino County Sheriff's Department

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.      5:25-cv-02846-HDV-AJR                              Date:  December 2, 2025
                                                                                     Page 2 of 3

Title:         Jacob Alex Johnson v. Shannon D. Dicus, et al.

Inmate Locator website and the website does not reflect any inmate under Plaintiff's name or Booking number (2506100028).[1]

   Plaintiff is advised that pursuant to the Central District's Local Rules, parties proceeding *pro se* must maintain a current address of record.  Local Rule 11-3.8 requires the first page of all documents filed with the Court to contain the address "of the attorney or a party appearing pro se presenting the document."  C.D. Cal. L.R. 11-3.8.  Local Rule 41-6 also requires a party proceeding *pro se* to keep the Court and all other parties informed of the party's current address:

> A party proceeding *pro se* must keep the Court and all other parties informed of the party's current address as well as any telephone number and email address.  If a Court order or other mail served on a *pro se* [plaintiff] at his address of record is returned by the Postal Service as undeliverable and the *pro se* party has not filed a notice of change of address **within 14 days of the service date of the order or other Court document**, **the Court may dismiss the action with or without prejudice for failure to prosecute.**

C.D. Cal. L.R. 41-6 (emphasis added).

   Moreover, the Ninth Circuit has made clear that "[a] party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address," and that dismissal under Federal Rule of Civil Procedure 41(b) is proper when a *pro se* litigant fails to do so.  Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988).

   The Court must have a current address of record for all parties to ensure proper service and receipt of filings.  Plaintiff is therefore **ORDERED TO SHOW CAUSE** by **December 15, 2025**, why the Court should not recommend that this action be dismissed either with or without prejudice pursuant to Local Rule 41-6 for failure to provide an updated mailing address.  Plaintiff may satisfy this Order by filing a response with a current mailing address.

---

[1] See https://wp.sbcounty.gov/sheriff/corrections/inmate-locator/ (last checked 12/1/2025).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   5:25-cv-02846-HDV-AJR   Date: December 2, 2025
Page 3 of 3

Title:   Jacob Alex Johnson v. Shannon D. Dicus, et al.

Further, because it appears Plaintiff is no longer in custody, the Court advises that if Plaintiff no longer wishes to pursue this action, he may voluntarily dismiss the entire action by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1). A form Notice of Dismissal is attached for Plaintiff's convenience.

The Court will mail this Order to Plaintiff at his current address of record because it has no other address on file. Unless Plaintiff files a notice updating his address, the Court has no way of communicating with Plaintiff or ensuring that he receives the Court's orders.

**Plaintiff is expressly warned that failure to timely file a response to this Order to Show Cause will result in a recommendation that this action be dismissed either with or without prejudice for failure to prosecute and obey court orders pursuant to Federal Rule of Civil Procedure 41(b).**

IT IS SO ORDERED.


Attachment:
CV-09, Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c).